IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE BROWN, JR.,

    **Plaintiff,**

    v.                                    CASE NO. 24-3015-JWL

WYANDOTTE COUNTY
SHERIFF'S OFFICE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Donnie Brown, Jr., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Detention Center in Kansas City, Kansas. Because Plaintiff failed to either submit the filing fee or a motion for leave to proceed in forma pauperis, the Court entered a Notice of Deficiency (Doc. 2) ("NOD") granting Plaintiff until March 4, 2024, to cure the deficiency. The Court will provisionally grant Plaintiff leave to proceed in forma pauperis. However, Plaintiff is still required to comply with the NOD by the Court's March 4, 2024 deadline.

Plaintiff's allegation in his Complaint relate to his detention in 1997 when he was thirteen years old. He claims that he was falsely accused of stealing from a Sonic restaurant and was released 30 days later when they "found the person who actually robbed the place." (Doc. 1, at

1

3.) Plaintiff names the Wyandotte County Sheriff's Office and the Sonic Store Manager as defendants and seeks compensatory damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III.  DISCUSSION**

"It is well-settled . . . that 'state law determines the appropriate statute of limitations and accompanying tolling provisions' for § 1983 and *Bivens* claims."  *Herrera-Zamora v. Crosby*, 769 F. App'x 670, 671 (10th Cir. 2019) (unpublished) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (§ 1983); *Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (*Bivens*)).  "Federal law only controls the issue of when the federal cause of action accrued."  *Id*. (citing *Fratus*, 49 F.3d at 675).

"The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

All of Plaintiff's claims relate to the incident in 1997.  Plaintiff filed his Complaint on February 1, 2024.  It thus appears that any events or acts of Defendants took place more than two

4

years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to additional statutory or equitable tolling. Plaintiff should show good cause why his claims should not be barred by the applicable statute of limitations.

The Court also notes that Plaintiff has not named a proper defendant. A sheriff's department is not a proper party, and even if Plaintiff were permitted to amend his complaint to substitute the appropriate defendant, his claim would fail because he has not alleged sufficient facts to show a constitutional violation by a municipal employee or a municipal policy causally connected to such a violation. *See Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir. 2013) (unpublished) (stating the sheriff's office is not the proper defendant as the Board of County Commissioners is the appropriate defendant for claims against any of its subunits) (citations omitted). To impose § 1983 liability on the county and its officials for acts taken by its employee, a plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to

no policy or deficiency in the training program used by the Sheriff's Department and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff.

Plaintiff has also named the manager of the Sonic restaurant as a defendant. Plaintiff has not shown that this defendant was acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this action without further notice as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is **provisionally granted** leave to proceed in forma pauperis. Plaintiff remains obligated to comply with the Court's Notice of Deficiency and to either pay the filing fee or submit a motion for leave to proceed in forma pauperis by the Court's **March 4, 2024** deadline.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 4, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated February 2, 2024, in Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE