IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE BROWN, JR.,

    **Plaintiff,**

v.                                              CASE NO. 24-3015-JWL

WYANDOTTE COUNTY
SHERIFF'S OFFICE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5.) On February 2, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until March 4, 2024, in which to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's allegations in his Complaint relate to his detention in 1997 when he was thirteen years old. He claims that he was falsely accused of stealing from a Sonic restaurant and was released 30 days later when they "found the person who actually robbed the place." (Doc. 1, at 3.) Plaintiff names the Wyandotte County Sheriff's Office and the Sonic Store Manager as defendants and seeks compensatory damages.

"It is well-settled . . . that 'state law determines the appropriate statute of limitations and accompanying tolling provisions' for § 1983 and *Bivens* claims." *Herrera-Zamora v. Crosby*, 769 F. App'x 670, 671 (10th Cir. 2019) (unpublished) (citing *Fratus v. DeLand*, 49 F.3d 673,

1

675 (10th Cir. 1995) (§ 1983); *Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (*Bivens*)). "Federal law only controls the issue of when the federal cause of action accrued." *Id*. (citing *Fratus*, 49 F.3d at 675).

"The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

All of Plaintiff's claims relate to the incident in 1997. Plaintiff filed his Complaint on February 1, 2024. The Court found in the MOSC that any events or acts of Defendants took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further

factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to additional statutory or equitable tolling.

The Court also found in the MOSC that Plaintiff has not named a proper defendant.  A sheriff's department is not a proper party, and even if Plaintiff were permitted to amend his complaint to substitute the appropriate defendant, his claim would fail because he has not alleged sufficient facts to show a constitutional violation by a municipal employee or a municipal policy causally connected to such a violation.  *See Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir. 2013) (unpublished) (stating the sheriff's office is not the proper defendant as the Board of County Commissioners is the appropriate defendant for claims against any of its subunits) (citations omitted).  To impose § 1983 liability on the county and its officials for acts taken by its employee, a plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).  Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff's Department and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff.

Plaintiff has also named the manager of the Sonic restaurant as a defendant.  Plaintiff has not shown that this defendant was acting under color of state law as required under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC, and provided that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice as barred by the statute of limitations." (Doc. 3, at 6.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated March 11, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**