IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE BROWN, JR.,

    **Plaintiff,**

    v.                                          CASE NO. 24-3015-JWL

WYANDOTTE COUNTY
SHERIFF'S OFFICE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wyandotte County Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5.) On February 2, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until March 4, 2024, in which to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. Because Plaintiff failed to respond by the Court's deadline, the Court entered a Memorandum and Order (Doc. 6) dismissing this case on March 11, 2024. On March 12, 2024, the Court received Plaintiff's request for an extension of time (Doc. 8).

Plaintiff indicates that he is now incarcerated with the Kansas Department of Corrections at the El Dorado Correctional Facility in El Dorado, Kansas. He states that he does not "have the proper resources to get the proper names, times, nor dates that [he] need[s]" and therefore seeks a continuance. (Doc. 8.) The Court will grant Plaintiff a short extension of time to respond to the MOSC.

1

Plaintiff's allegations in his Complaint relate to his detention in 1997 when he was thirteen years old.  He claims that he was falsely accused of stealing from a Sonic restaurant and was released 30 days later when they "found the person who actually robbed the place." (Doc. 1, at 3.)  Plaintiff names the Wyandotte County Sheriff's Office and the Sonic Store Manager as defendants and seeks compensatory damages.  The Court found that a district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Fogle v. Pierson*, 435 F.3d 1252, 1258–59 (10th Cir. 2006); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

All of Plaintiff's claims relate to the incident in 1997.  Plaintiff filed his Complaint on February 1, 2024.  The Court found in the MOSC that any events or acts of Defendants took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to additional statutory or equitable tolling.  The Court also found that Plaintiff failed to name a proper defendant.

Because it appears unlikely that Plaintiff will be able to show that his claims are not barred by the statute of limitations, this case will remain closed pending a response by Plaintiff. If Plaintiff fails to respond by the new deadline or fails to show good cause why this matter should not be dismissed, the Court's Memorandum and Order dismissing this case will remain in effect.

3

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's request for an extension of time (Doc. 8) is **granted.** Plaintiff shall have until **March 27, 2024,** in which to respond to the Court's MOSC at Doc. 3.

**IT IS SO ORDERED**.

Dated March 13, 2024, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE